ARTHUR M. BISTLINE
BISTLINE LAW, PLLC
1205 N. 3rd Street
Coeur d'Alene, Idaho 83814
(208) 665-7270
(208) 665-7290 (fax)
arthur@bistlinelaw.com
iCourt e-service:  service@bistlinelaw.com
ISB: 5216

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF IDAHO

| | |
|---|---|
| JACQUELINE WAGNER, <br><br>        Plaintiff, <br><br> vs. <br><br> UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, <br><br>        Defendant. | Case No. 2:19-cv-00171-CWD <br><br> AMENDED COMPLAINT |

The Plaintiff, JACQUELINE WAGNER, by and through her undersigned counsel, ARTHUR M. BISTLINE of the firm BISTLINE LAW, PLLC, hereby files her Complaint against the Defendant, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, as follows:

1.    Plaintiff, JACQUELINE WAGNER, is an individual residing in Kootenai County, State of Idaho.

2.    Defendant is an agency of the United States of America.

AMENDED COMPLAINT

3. The United States is a party to this action and the subject matter of this action is the interpretation and construction of the United States Code Title 42, Chapter 6A, Subchapter II, Part D., Subpart III.

4. Plaintiff is alleging she is aggrieved by the agency action taken by the United States Department of Health and Human Services and Jurisdiction is proper before this Court pursuant to 5 USC 702 and 28 USC 1331.

5. Pursuant to the United States Code above cited, the Department of Health and Human Services (hereinafter referred to as "the Department") provides a program whereby it repays portions of health care professionals existing student loans provided that the healthcare professional enters into an agreement to provide services in an area designated by the Department for a period of time (hereinafter referred to as "the Agreement").

6. Plaintiff is a healthcare professional who entered into an Agreement with the Department and was assigned to the area of Kootenai County, Idaho, and commenced her obligated service of two years pursuant to the Agreement on July 27th, 2015. Pursuant to the Agreement, the Department repaid $50,000.00 of Plaintiff's loans associated with her Healthcare Professional Education.

7. On May 23rd, 2016, Plaintiff was released without cause from her position at which she was providing her obligated service.

8. 42 USC 254(n) provides that any individual who has already been assigned by the Department to an area may request to be released of their obligations under the Agreement because the individual intends to open a private practice to provide similar services to those provided pursuant to the Agreement.

AMENDED COMPLAINT

2

9. 42 USC 254(n) mandates that the Department release such an individual provided that the individual agrees to engage in full time private clinical practice for the remaining period of service the individual was obligated to perform pursuant to the Agreement.

10. 42 USC 254(n) requires that the individual released to practice in the area in which he or she was providing services pursuant to the Agreement.

11. 42 USC 254(n) encourages individuals to enter into private practice by providing that the Department may provide subsidies to such individuals in the form of travel expenses assistance, malpractice insurance assistance, favorable contracts on equipment purchases, and the providing of technical advice.

12. After Plaintiff was terminated, Plaintiff requested that she be allowed to complete her required service pursuant 42 USC 254(n), although she did not cite that specific statute when she indicated to the Department that she would be opening a private practice in Kootenai County and providing the same services she was providing before her termination and offered to complete her required services from her private practice.

13. The Department did not provide the contract required by 42 USC 254(n) to Plaintiff and did not inform Plaintiff of her right to be released from her obligation pursuant to that Statute. Plaintiff would have executed a contract offered pursuant to 42 USC 254(n) if the Department had presented one, but the Department refused to present such a contract.

14. Thereafter, the Department directed that Plaintiff contact one of two sites approved by the Department to complete her obligation under the Agreement. Neither site was located anywhere near Kootenai County, Idaho. Plaintiff did not seek employment with either of the aforementioned sites and opened her own private practice and has been providing the same services as she did pursuant to the Agreement ever since.

15. The Department has declared Plaintiff to be in default of the Agreement and is seeking repayment of in excess of $160,000 because of the penalties associated with the default.

16. The Department also reported Plaintiff to the credit reporting agencies and in doing so has damaged, and continues to damage, Plaintiff's credit rating.

17. Plaintiff is not in default of her obligations under the Agreement because the Department was obligated to release her from the terms of the Agreement and to provide her with the contract required by 42 USC 254(n).

18. Had the Department released Plaintiff from her obligations under the Agreement and had her enter into a contract pursuant to 42 USC 254(n), Plaintiff would have completed her obligations owed to the Loan Repayment Program which is the subject of this action.

19. Plaintiff is entitled to a judgment declaring that she is not in default of her obligations under the Agreement and has fulfilled her obligations owed to the Loan Repayment Program which is the subject of this action.

20. Plaintiff is entitled to an Order directing the Department to take any and all steps necessary to remove all negative information from all credit reporting agencies which in any way relates to the subject matter of this action.

21. The text of 42 USC 254(n) is not ambiguous and the legislative history behind the statute is clear that the Department's refusal to take Plaintiff out of default and release her from any obligations to the Department is frivolous, unreasonable and without foundation.  Plaintiff is entitled to an award of her reasonable attorney's fees and costs incurred in her efforts to force the Department to remedy this situation, including, but not limited to, all attorney's fees and costs incurred in bringing this action, as damages and/or as costs.

AMENDED COMPLAINT

4

WHEREFORE, Plaintiff prays that this Court grant her the relief above requested which is incorporated here as if set forth in full and any other relief this Court deems fair and equitable.

DATED this 29th day of July, 2019.

                                  ARTHUR M. BISTLINE
                                  Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY certify that on the 30th day of July, 2019, the foregoing AMENDED COMPLAINT and ANOTHER SUMMONS was electronically filed with the Clerk of the Court using the CM/EFC system.  I mailed the foregoing AMENDED COMPLAINT and ANOTHER SUMMONS via Certified Registered Mail with the United States Parcel Service to the following:

U.S. Attorney General Washington D.C.
441 4th Street NW
WA D.C., 20001.

United States Department of
Health and Human Services
200 Independence Avenue, S.W.
Washington, D.C., 20201

United States Department of
Health and Human Services
5600 Fishers Lane, Ste. 15W05A
Rockville, MD  20857

                                  s/Nichole Foreman
                                  NICHOLE FOREMAN