UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JACQUELINE WAGNER,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>          Defendant. | Case No. 2:19-cv-00171-CWD |

**SETTLEMENT AGREEMENT AND
STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED.
R. CIV. P. 41(a)(1)(A)(ii)**

**I.**     **Settlement Agreement**

This Settlement Agreement is entered into between Jacqueline Wagner (Plaintiff) and the United States of America and the U.S. Department of Health and Human Services (HHS), acting through the Bureau of Health Workforce (hereinafter referred to as the Bureau), which is part of the Health Resources & Services Administration of the U.S. Department of Health and Human Services.  The United States of America and its agency HHS are represented herein by the United States Attorney's Office for the District of Idaho.

This agreement establishes the terms and conditions under which the Bureau will exercise forbearance with respect to the collection of the financial obligation incurred by Plaintiff under the National Health Service Corps (NHSC) Loan Repayment Program (LRP) Contract she electronically signed on July 7, 2015.  *See* ECF No. 34 at 27; *see also* 42 U.S.C. § 254o.  The parties also agree, based on the acknowledgements and agreements herein, to dismiss this case as described more herein.

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITHOUT
PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) - 1**

Plaintiff acknowledges her financial obligation to the United States under the NHSC LRP and 42 U.S.C. § 254o (*see* ECF No. 34-1 at 10) as particularly described in the counterclaim at ECF No. 29. Plaintiff also acknowledges that she did not complete her service obligation under the NHSC LRP Contract. The NHSC LRP Contract requires her to serve for two years as a full-time primary care health professional at an NHSC LRP service site. She completed only 302 out of 731 days of this obligated service. The unserved obligation is referred to herein as the Unserved Obligation and is 429 days. *See* ECF No. 34 at 55-58; ECF No. 34-1 at 1.

On the date that this Settlement Agreement is fully executed by all parties, which will be the effective date, Plaintiff shall begin fulfilling the Unserved Obligation under her NHSC LRP Contract as a full-time primary care health professional at Family Practice by the Lake (see more detail below). Under the terms of her NHSC LRP contract, she was required to serve at an NHSC-approved service site with a HPSA score of 14 or higher. However, to resolve this matter, the NHSC will allow Plaintiff to serve at Family Practice by the Lake, which has a HPSA score of 13, if she complies with the provisions of this Settlement Agreement, and the Family Practice by the Lake maintains its NHSC approved site status and its HPSA score of 13 or more.

Plaintiff will not receive service credit for any employment or service at an NHSC-approved service site, including Family Practice by the Lake, prior to the effective date of this Settlement Agreement. Plaintiff must provide to the Bureau documentation showing Family Practice by the Lake as an NHSC site by March 1, 2021, as well as documentation, as determined by the Bureau to be appropriate, showing that Plaintiff began, or continued to provide, full-time clinical services that satisfy the terms and conditions of this Settlement Agreement as of the date this Settlement Agreement is fully executed.

In addition, Plaintiff must meet the following conditions:

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) - 2**

1) Plaintiff's service during the Unserved Obligation period must be in accordance with applicable laws, regulations, and policies of the NHSC. Plaintiff must sign the attached Private Practice Option agreement, which is a standard agreement that all providers earning NHSC service credit at a site that they own must sign. Additional information regarding the service requirements that apply to the fulfillment of Plaintiff's Unserved Obligation is also found in the NHSC LRP Fiscal Year 2020 Application and Program Guidance, which is incorporated by reference here.

2) Plaintiff will serve at Family Practice by the Lake (BHW ID/UDS# 1180685) located at 1875 N Lakewood Dr., 205, Coeur d'Alene, ID 83814. Plaintiff must complete the Unserved Obligation at this site.

3) Plaintiff must have/retain a current, full, permanent, unencumbered, unrestricted health professional license, certificate, or registration, to practice in accordance with state requirements; practice in accordance with national certification organization standards and practice independently and without supervision as set forth below, in the state where her NHSC-approved service site is located.

4) Plaintiff must participate or be eligible to participate as a provider in the Medicare, Medicaid, and Children's Health Insurance Programs, as appropriate and serve all individuals with or without their ability to pay.

5) Plaintiff must maintain a full-time clinical practice. A full-time clinical practice is defined as a minimum of 40 hours per week, for a minimum of 45 weeks per service year. The remainder of the service year (approximately 7 weeks) may, as authorized by the approved service site, be spent away from the practice for holidays, vacation, continuing professional education, illness, or any other reason. Failure to meet the minimum 45 weeks per service year will result in a breach of this Settlement Agreement, as determined by the Bureau. The minimum 40 hours per week may be compressed into no less than 4 days per week, with no more than 12 hours of work to be performed in any 24-hour period. Time spent "on-call" will not count toward the 40-hour week, except to the extent that direct patient care is being provided during the "on-call" period. Time worked in excess of the minimum 40 hours per week cannot be applied to any other work week and will not count toward the service obligation.

6) Plaintiff must spend at least 32 of the minimum 40 hours per week providing direct patient care in the outpatient ambulatory care setting(s) at the approved service site, during normally scheduled office hours. The remaining 8 hours of the minimum 40 hours per week must be spent providing clinical services for patients or teaching in the approved service site, providing clinical services in alternative settings as directed by the approved service site, or performing practice-related administrative activities.

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) - 3**

7) Plaintiff may deliver clinical service to patients via telehealth/telemedicine to accommodate infection control, social distancing, or other appropriate measures to assist in meeting recommended outbreak reduction/control measures as a result of COVID-19 and as provided on the NHSC's website available at: https://nhsc.hrsa.gov/coronavirus/faqs.  If and when the COVID-19 national emergency declaration ends, Plaintiff's ability to provide telehealth services at her site will end consistent with the telehealth provisions applicable to providers operating under a PPO on page 37 of the NHSC LRP Fiscal Year 2020 Application and Program Guidance.

8) Home Health - The NHSC does not recognize the homes of patients or providers as NHSC-approved sites.

9) Leave must be approved by the service site; therefore Plaintiff cannot receive credit for leave if she is not employed or working at the NHSC-approved site listed above. Full-time clinicians are allowed to spend no more than 7 weeks (35 full-time workdays) per service year away from the NHSC-approved service site for vacation, holidays, continuing professional education, illness, or any other reason.  Absences over 7 weeks (35 workdays) will result a breach of this Settlement Agreement.

10) Under certain limited circumstances, a temporary suspension of the service obligation may be possible.  A suspension of the NHSC LRP commitment may be granted if compliance with the commitment by the participant: (i) is temporarily impossible, or (ii) would involve a temporary extreme hardship such that enforcement of the commitment would be unconscionable.  Periods of approved suspension of service will extend the participant's service obligation end date.

11) Plaintiff must submit all in service verification (ISV) documentation for each six months of service.  The ISV form will be available through the web-based system and the BHW Customer Service Portal and must be completed and electronically signed by Plaintiff.  Once completed by Plaintiff, it will be forwarded to the site point of contact POC at the NHSC-approved service site for electronic verification through the BHW Customer Service Portal.  The ISV will also record the time spent away from the service site during the six-month period and hours that fall below 40 (full-time) hours/week.  Plaintiff cannot certify the ISV record because she owns the practice and thus must have someone else certify the ISV who can verify her service hours.

The parties also acknowledge and agree to the following:

12) No further NHSC loan repayments will be made by, or on behalf of, Plaintiff during the period while she is completing her Unserved Obligation as long as she is in compliance with the provisions of this Settlement Agreement (i.e., not in breach or default).

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) - 4**

13) The Bureau will forebear, suspend, and defer collection activities related to the debt incurred by Plaintiff (as set forth in the counterclaim) as long as Plaintiff remains in compliance with the terms and conditions of this Settlement Agreement.

14) Applicable interest will continue to accrue on Plaintiff's NHSC debt; however, as stated above, no monetary repayment will be required from Plaintiff if Plaintiff remains in compliance with the terms of this Settlement Agreement.

15) Upon satisfactory completion of the Unserved Obligation, which is subject to the sole determination of the Bureau, Plaintiff's entire debt (including accrued interest) will be satisfied.

16) If Plaintiff fails to begin or complete her Unserved Obligation in compliance with this Settlement Agreement, then Plaintiff agrees that her financial obligation, which is set forth in the counterclaim filed at ECF No. 29 of this case[1] (including ongoing per diem interest), subject to any reduction authorized in the NHSC LRP Contract and applicable law, will become due and owing immediately.  Collection activities will be resumed and may include the immediate referral of the matter to the Department of Justice without further notice to obtain a judgment.

**II.     Stipulation of Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)**

Because of the Settlement Agreement above, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the parties agree to the dismissal of this case without prejudice.

The parties will bear their own costs and fees.

APPROVED by:

_____         _____
Jacqueline Wagner                                              Arthur Bistline
                                                                              Attorney for Jacqueline Wagner

_____         _____
Date                                                                      Date

---

[1] The allegations in the counterclaim at ECF No. 29 are incorporated herein by reference.

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) - 5**

13) The Bureau will forebear, suspend, and defer collection activities related to the debt incurred by Plaintiff (as set forth in the counterclaim) as long as Plaintiff remains in compliance with the terms and conditions of this Settlement Agreement.

14) Applicable interest will continue to accrue on Plaintiff's NHSC debt; however, as stated above, no monetary repayment will be required from Plaintiff if Plaintiff remains in compliance with the terms of this Settlement Agreement.

15) Upon satisfactory completion of the Unserved Obligation, which is subject to the sole determination of the Bureau, Plaintiff's entire debt (including accrued interest) will be satisfied.

16) If Plaintiff fails to begin or complete her Unserved Obligation in compliance with this Settlement Agreement, then Plaintiff agrees that her financial obligation, which is set forth in the counterclaim filed at ECF No. 29 of this case[1] (including ongoing per diem interest), subject to any reduction authorized in the NHSC LRP Contract and applicable law, will become due and owing immediately. Collection activities will be resumed and may include the immediate referral of the matter to the Department of Justice without further notice to obtain a judgment.

II. **Stipulation of Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)**

Because of the Settlement Agreement above, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the parties agree to the dismissal of this case without prejudice.

The parties will bear their own costs and fees.

APPROVED by:

_____  
Jacqueline Wagner

2-19-21  
Date

_____  
Arthur Bistline  
Attorney for Jacqueline Wagner

2-19-21  
Date

---

[1] The allegations in the counterclaim at ECF No. 29 are incorporated herein by reference.

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) - 5**

BART M. DAVIS
UNITED STATES ATTORNEY
By:

*William M. Humphries*
WILLIAM M. HUMPHRIES
Assistant United States Attorney

2/22/2021
Date

A copy of this Agreement will be returned to:

Bureau of Health Workforce
Division of Participant Support and Compliance
Legal and Compliance Branch
5600 Fishers Lane, Room 15W05A
Rockville, Maryland 20857
Fax: 301-443-0162

*Please retain a copy of this legal document for your records
until an official copy is returned to you.*

**SETTLEMENT AGREEMENT AND STIPULATION OF DISMISSAL WITHOUT
PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii) - 6**